IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERILEI R. OLDOERP,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO AND COMPANY LONG<br>TERM DISABILITY PLAN;<br>METROPOLITAN LIFE INSURANCE CO.,<br><br>    Defendants.<br>_____/ | No. C 08-05278 JSW<br><br>**ORDER GRANTING<br>PLAINTIFF'S MOTION TO<br>CONDUCT DISCOVERY** |

Now before the Court is the motion to conduct discovery filed by plaintiff Kerilei R. Oldoerp ("Plaintiff"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for July 17, 2009 is HEREBY VACATED. Having considered the parties' pleadings and the relevant legal authority, the Court hereby grants Plaintiffs' motion to conduct discovery.

Plaintiff brings this motion to conduct discovery regarding defendant Metropolitan Life Insurance Company's ("Met Life") conflict of interest. Plaintiff argues that there was an apparent conflict of interest because Met Life acted as both the funding source and the administrator of the ERISA plan. *See Metropolitan Life Ins. Co. v. Glenn*, __ U.S. __, 128 S.Ct. 2343, 2348 (2008) ("If a benefit plan gives discretion to an administrator or fiduciary who is *operating under a conflict of interest*, that conflict must be *weighed as a factor* in determining whether there is an abuse of discretion.") (emphasis in original, internal quotations omitted); *see also Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir.2006) ("an insurer that

acts both as the plan administrator and the funding source for the plan operates under what may be termed a structural conflict of interest"). Under *Glenn* and *Abatie*, a court must consider a conflict of interest as a factor to be weighed in abuse of discretion review. *Glenn*, 128 S.Ct. at 2350-52; *Abatie*, 458 F.3d at 970. In determining how much weight to give a conflict of interest under the abuse of discretion standard, courts may consider evidence outside the administrative record. *Abatie*, 458 F.3d at 970 ("The district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest; the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established by extrinsic evidence or otherwise."); *see also Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949-50 (9th Cir. 2007). In *Welch*, the court implicitly held that a plaintiff may conduct discovery in order to show a conflict of interest. In reviewing the district court's determination of attorney's fees, the Ninth Circuit stated that, "[b]ecause an ERISA plaintiff may be permitted to supplement the administrative record with evidence of a conflict of interest on the part of the defendants, ... *some* discovery aimed at demonstrating a conflict of interest may have been appropriate." *Id*. at 949-50 (emphasis in original); *see also Gullidge v. Hartford Life & Accident Ins. Co.*, 501 F. Supp. 2d 1280, 1283 (C.D. Cal. 2007) (citing *Welch* for the proposition that conducting discovery regarding whether a conflict of interest existed is appropriate).

Met Life admits that a structural conflict exists. Based on this structural conflict of interest, the Court finds that discovery into the scope of the conflict, as well as discovery regarding the nature, extent, and effect of the conflict on the decision making process is appropriate. Accordingly, the Court HEREBY GRANTS Plaintiff's motion to conduct discovery.

The Court declines to examine Plaintiff's specific discovery requests. To the extent the parties are unable to resolve disputes regarding specific discovery requests, pursuant to Civil

///

///

2

1  ///

2  Local Rule 72-1, the Court HEREBY REFERS this matter to a randomly assigned magistrate

3  judge for resolution of such discovery disputes and for resolution of all discovery matters.

4  **IT IS SO ORDERED.**



1  Dated: July 17, 2009

2                                                     JEFFREY S. WHITE
                                                   UNITED STATES DISTRICT JUDGE

5  cc:   Wings Hom

**United States District Court**
For the Northern District of California