United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KERILEI R. OLDOERP,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO & COMPANY LONG TERM DISABILITY PLAN; METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　　　Defendants.<br>_____/ | No. C 08-05278 RS<br><br>**ORDER RE: MOTIONS IN LIMINE AND REQUEST FOR FURTHER BREIFING** |

## I.   INTRODUCTION

This action began when Kerilei Oldoerp sued Wells Fargo & Company Long Term Disability Plan and Metropolitan Life Insurance Company ("MetLife") challenging the denial of her claim for long-term disability (LTD) benefits. Following a bench trial in 2011, this court concluded that MetLife had not abused its discretion by denying Oldoerp's claim. On appeal, the Ninth Circuit reversed, holding that MetLife's decision is instead subject to *de novo* review. (Dkt. No. 54). On remand, both Oldoerp and MetLife move to admit extrinsic evidence. For the reasons explained below, Oldoerp's evidence is admitted and MetLife's evidence is excluded. The parties are also requested to submit further briefing.

## II. LEGAL STANDARD

ERISA cases ordinarily are decided solely on the basis of the administrative record that was before the plan administrator at the time its decision was made. *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir. 1999) (en banc) ("If a court reviews the administrator's decision, whether de novo . . . or for abuse of discretion, the record that was before the administrator furnishes the primary basis for review."). Under certain circumstances, however, new evidence may be admitted "to enable the full exercise of informed and independent judgment." *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 943 (9th Cir. 1995). Specifically, admission of extrinsic evidence is appropriate when "circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." *Id.* (citation omitted). The Ninth Circuit has identified "a non-exhaustive list of exceptional circumstances" where introduction of evidence beyond the administrative record could be considered "necessary" under *Mongeluzo*, including:

- claims that require consideration of complex medical questions or issues regarding the credibility of medical experts;
- the availability of very limited administrative review procedures with little or no evidentiary record;
- the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts;
- instances where the payor and the administrator are the same entity and the court is concerned about impartiality;
- claims which would have been insurance contract claims prior to ERISA; and
- circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Opeta v. Nw. Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007) (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025 (4th Cir.1993) (en banc)). The Ninth Circuit will only reverse a district court's decision to admit extrinsic evidence if the court abuses its discretion. *See Opeta*, 484 F.2d at 1216.

III.   DISCUSSION

A.   Oldoerp's Social Security Administration Record

Oldoerp seeks to admit her Social Security Administration record, a file containing many documents that were not part of MetLife's administrative record when it reviewed her claim. The SSA file includes records from several medical examinations that were conducted prior to, or shortly after, the resolution of her LTD claim. It also contains several SSA-initiated evaluations, including a Physical Residual Functional Capacity Assessment by a doctor who apparently determined that Oldoerp's chronic fatigue syndrome qualified her for a Social Security Disability Insurance (SSDI) award.

Invoking *Mongeluzo*, Oldoerp contends that these extra-record materials are necessary for an adequate de novo review of her claim. *See Mongeluzo*, 46 F.3d at 944. In particular, she contends her case implicates several of the "extraordinary" circumstances outlined by the Fourth Circuit in *Quesinberry*, and adopted by the Ninth Circuit in *Opeta*, where extrinsic evidence may be necessary in an ERISA trial. *See Opeta,* 484 F.3d at 1217 (quoting *Quesinberry*, 987 F.2d at 1025). First, she argues the credibility of medical experts is at issue. While many of Oldoerp's treating professionals concluded, after in-person examinations, that her symptoms were disabling on some level, the medical professionals hired by MetLife were generally more skeptical that Oldoerp's symptoms precluded her from working. Oldoerp contends the MetLife professionals cannot be trusted, emphasizing that their assessments were premised solely on a paper record without any in-person examinations. During oral argument, counsel for Oldoerp further alleged that at least one doctor hired by MetLife was biased and potentially dishonest. Accordingly, resolving Oldoerp's case "require[s] consideration of . . . issues regarding the credibility of medical experts." *Opeta*, 484 F.3d at 1217.

Further, this case is one in which "there is additional evidence that the claimant could not have presented in the administrative process." *Id.* The SSA's determination was not rendered until July 2008, one month after MetLife issued its final denial of Oldoerp's LTD claim. Accordingly, Oldoerp was unable to submit evidence of the SSDI award during the administrative claim process. A similar scenario arose in *Schramm v. CNA Fin. Corp. Insured Grp. Ben. Program*, 718 F. Supp.

United States District Court
For the Northern District of California

1  2d 1151 (N.D. Cal. 2010), where the court held that evidence of an SSDI award was necessary for
2  adequate de novo review of the plan administrator's determination, even though the SSDI decision
3  was rendered six months after the denial of the claimant's final administrative appeal.  The plan
4  administrator in *Schramm* had denied the plaintiff's claim after determining that she did not satisfy
5  the ERISA plan's definition of "disabled."  Several months later, a Social Security Administration
6  ALJ awarded the plaintiff SSDI benefits upon finding that she had been disabled for several years.
7  Acknowledging that different standards of review applied to (i) the plaintiff's SSDI claim and (ii)
8  her claim under her employer's disability plan, the court found that "notwithstanding this difference,
9  [the claimant's] entitlement to SSDI benefits suggests that she suffers from some limitation on her
10 ability to work . . . . [A]lthough this award does not constitute direct proof, it reinforces Plaintiff's
11 showing that she had a disability that could qualify her for benefits under her policy."  *Id.* at 1165.
12 Relying on *Opeta*, the court held that the SSDI award could be considered "because it constitutes
13 additional evidence that [the plaintiff] could not have presented in the administrative process."  *Id.*
14 at 1165, fn. 4 (quoting *Opeta*, 484 F.3d at 1217).

15         MetLife contends the SSA record is irrelevant, and thus inadmissible, for several reasons.
16 First, it emphasizes that because the SSDI award was grante*d after* the closure of Oldoerp's LTD
17 claim, the SSA's decision "says nothing about whether MetLife's determination was erroneous."
18 (Dkt. No. 68, 23:6-7).  This is not necessarily so.  While MetLife was unable to review the SSDI
19 award before Oldoerp's claim was closed in June 2008, the SSA's determination, which was
20 apparently based on an in-person evaluation and a review of medical records, could shed new light
21 on Oldoerp's condition during the relevant time period.  As in *Schramm*, where the after-arising
22 SSDI decision helped the court assess whether the claimant suffered from some limitation on her
23 ability to work, Oldoerp's SSDI evidence potentially bears on whether she experienced functional
24 limitations after February 13, 2008 – and thus whether MetLife was correct to deny her claim.  *See*
25 718 F. Supp. 2d at 1165.  MetLife also emphasizes differences between the statutory regimes of
26 ERISA and the Social Security Disability Act, arguing that an SSDI award does not require reversal
27 of a prior denial of ERISA benefits.  *See Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 823
28 (2003) (noting "critical differences" between benefits determinations under the SSDA and ERISA).

No. C 08-05278 RS

4

As was explained in *Schramm*, however, these statutory differences do not preclude a court from examining an SSDI decision as part of its de novo review. *See Schramm*, 718 F. Supp. 2d at 1165 (SSDI award reinforced plaintiff's showing that she had a qualifying disability). In sum, MetLife cannot refute that the SSDI award creates a "circumstance[] in which there is additional evidence that the claimant could not have presented in the administrative process." *Opeta*, 484 F.3d at 1217.[1]

Oldoerp has demonstrated that her case implicates several of the circumstances outlined in *Quesinberry/Opeta*.[2] This does not, however, automatically justify the admission of her extrinsic evidence; it only establishes that her case presents several "extraordinary" circumstances where admission of extrinsic evidence "*could* be considered necessary." *Id.* (emphasis added). The SSA record can only be admitted if circumstances clearly establish that it is necessary for an adequate de novo review. *Mongeluzo*, 46 F.3d at 943-44. The proffered evidence satisfies this standard. Because the SSA record contains several pieces of information that could serve to clarify whether Oldoerp qualifies for LTD benefits under MetLife's plan, this evidence "enable[s] the full exercise of informed and independent judgment." *Id.* at 943. For one, the additional medical records provide supplementary data points in a case where medical evidence is in tension and the credibility of medical experts is at issue. *See Duncanson v. Royal & SunAlliance Grp. Life Ins. Policy*, 2011 WL 5974805, *4 (N.D. Cal. 2011) (extrinsic evidence was necessary for an adequate de novo review because there was conflicting medical evidence in the record.). Further, the SSDI decision sheds additional light on Oldoerp's condition during the pendency of her LTD benefits claim. *See*

---

[1] While Oldoerp could not have presented the SSDI award during her claim, the SSA file as a whole contains several documents, such as the August 2007 Mayo Clinic records, that Oldoerp could have produced in support of her original claim. MetLife contends that it cannot be faulted for not considering documents that Oldoerp failed to submit in the first place. As explained *supra*, however, the credibility of medical professionals is at issue, and the administrative record contains conflicting medical evidence, so these additional records are nonetheless necessary for an adequate de novo review of Oldoerp's claim.

[2] At least two other scenarios outlined in *Quesinberry/Opeta* are applicable. Because MetLife is the insurer and administrator of the plan, this case presents an instance "where the payor and the administrator are the same entity," thereby implicating impartiality concerns. *See Opeta*, 484 F.3d at 1217. Additionally, Oldoerp's claim is one that "would have been [an] insurance contract claim[] prior to ERISA." *See id.* Such circumstances, however, are hardly extraordinary in the ERISA context. Accordingly, while these factors bolster Oldoerp's argument that extrinsic evidence is warranted, they do not weigh heavily on the admissibility of the SSA record.

No. C 08-05278 RS

5

*Schramm*, 718 F. Supp. 2d at 1165. Oldoerp's SSA record is hereby admitted because circumstances clearly establish that it is necessary for adequate de novo review.[3]

B. <u>Dance Studio Evidence</u>

MetLife contends that if Oldoerp's SSA record is admitted, the court must also consider additional extrinsic evidence showing that Oldoerp opened a dance studio with her husband during the pendency of her LTD claim. Putting aside the questionable probative value of this evidence, MetLife fails to explain why the court should deviate from the general rule that extrinsic evidence is inadmissible in ERISA trials. *See Kearney v. Standard Ins. Co.*, 175 F.3d at 1090. Unlike Oldoerp, MetLife does not provide any legal authority supporting the admission of its extrinsic evidence. Accordingly, MetLife's evidence is excluded.

IV. CONCLUSION

For the foregoing reasons, Oldoerp's SSA record is admitted and MetLife's extrinsic evidence is excluded. Having been advised that the SSA file will become part of the record, the parties are requested to file supplemental briefing addressing how this extrinsic evidence impacts the court's de novo review.[4] In particular, the parties are requested to address:

- How Dr. D'Lugoff's reference to a "classical presentation" of chronic fatigue syndrome, apparently based on notes in Mayo Clinic records from August 2007, bears on whether Oldoerp is entitled to LTD benefits after February 13, 2008,

- Whether the exertional limitations described by D'Lugoff would preclude Oldoerp from performing her own occupation,

- Whether any other documents in the SSA record bear on Oldoerp's eligibility for LTD benefits, and

- Whether the SSA record indicates when Oldoerp became qualified for Social Security disability benefits.

The parties may also raise any additional issues they contend are directly implicated by the admission of the SSA record. The supplemental briefs must be filed by December 13, 2013, and

---

[3] MetLife also levies several evidentiary objections, asserting that the SSA record is hearsay, unauthenticated, and lacking proper foundation. These objections, made without supporting legal arguments, are overruled. To the extent MetLife disputes the authenticity of the SSA file, it may address any infirmities in its supplemental briefing.

[4] The SSA record is attached as "Exhibit A" to the Breslo Declaration supporting Oldoerp's opening trial brief. (Dkt. No. 66).

No. C 08-05278 RS

6

may not be more than twenty pages in length.  The parties may then file responsive briefs, no longer than ten pages in length, by December 20, 2013.

      IT IS SO ORDERED.

Dated: 11/12/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 08-05278 RS